

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 6, 2024

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LINDSAY GUIDI MASSO, | § | CASE NO. 24-50179-rlj13 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

The Court conducted hearing on August 28, 2024 on the debtor's motion to extend the automatic stay given the dismissal of the debtor's prior chapter 13 case within one year of the debtor's present filing. First Bank and Trust, a division of HTLF Bank, objects to the motion.

I.

The stay, which terminates 30 days after the debtor's filing, can be extended "as to any or all creditors" if the Court concludes the present case was filed "in good faith as to the creditors." 11 U.S.C. § 362(c)(3)(B). A rebuttable presumption attaches that the case has not been filed in good faith if there has not been a substantial change in circumstances between the previous filing and the current bankruptcy case. *See In re Botello*, No. 15-50135-RLJ-13, 2015 WL 5772415, at *1 (Bankr. N.D. Tex. Sept. 30, 2015) ("a presumption attaches—rebuttable only by clear and

1

convincing evidence to the contrary—that the second filing is not in good faith if there has been no substantial change in his financial or personal affairs to suggest that he will fully perform the new plan"). *See also In re Williams*, 545 B.R. 917, 921–22 (Bankr. S.D. Tex. 2016).

The bank contends this chapter 13 case was not filed in good faith and thus the stay should not be extended. The present chapter 13 case is the debtor's fourth chapter 13 case, with the three prior filings all having been dismissed. This is indicative of Ms. Masso's bad faith, the bank submits. The debtor says the present case is very different from her prior filings. Here, the debtor's proposed chapter 13 plan provides that her first payment under the plan will be $50,000, of which almost $45,000 will be paid to the bank. The bank is owed about $360,000; of this sum, over $136,000 is the arrearage amount (the sum of missed payments and escrow shortages). The debtor and the bank agree that the property that secures the debt has been appraised at over $590,000. By all accounts, there is significant equity in the property; the property is the debtor's homestead. Bruce Schuette, the debtor's partner, and the debtor, Ms. Masso, have lived together for over 28 years.

The $50,000 first payment will be made from funds the debtor has (over $130,000) from the sale of an 8-acre tract of land that she owned that is adjacent to her homestead. In addition to the $130,000, the debtor also holds a note as part of the purchase price from the purchaser of the 8 acres in the amount of $120,000. The debtor is not employed; her only source of income is social security.

The debtor's proposed plan is a 60-month plan. After the $50,000 first payment, the monthly payments are $6,600. Her partner, Mr. Schuette, contributes to her making the monthly payments. He is self-employed. Mr. Schuette also contributed to the debtor's prior, failed chapter

2

13 cases. He admitted that he has not filed a tax return for the past few years. He is hardly a certain source of plan payments.

On balance, the Court is satisfied that the debtor filed her case in good faith. The unprecedented up-front payment and the additional income from the note receivable are not only a substantial change, they are a game changer. A $50,000 first payment in a chapter 13 case is truly extraordinary. And the vast majority of that amount goes to the bank. The bank bears no real risk in this case, but the Court understands its frustration. The bank has been the debtor's main creditor in each of debtor's prior cases; and the bank had sought foreclosure just prior to the filing of each of the four cases.

## II.

The Court grants the debtor's request for extension of the automatic stay, but, as to the bank, the stay shall lift without further order of the Court if the debtor fails to obtain confirmation of her chapter 13 plan or approval of any plan modification. Further, the automatic stay under § 362 of the Bankruptcy Code shall not apply to the bank upon any subsequent bankruptcy filing by the debtor, Lindsay Masso, or any future bankruptcy filing by the debtor's partner, Bruce Schuette.

SO ORDERED.

### End of Memorandum Opinion and Order ###